UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,           :
                                    :
        Plaintiff                   :
                                    :
    v.                              :   CIVIL NO. 4:CV-07-83
                                    :
EDWIN M. KOSIK, JUDGE,              :   (Judge McClure)
ET AL.,                             :
                                    :
        Defendants                  :

## MEMORANDUM

January 31, 2007

**Background**

This pro se civil rights action was filed by Michael Curtis Reynolds ("Plaintiff"), an inmate presently confined in the Lackawanna County Prison, Scranton, Pennsylvania. The complaint, filed on January 16, 2007, is accompanied by a request for leave to proceed in forma pauperis.[1] For the reasons set forth below, Reynolds' complaint will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

---

1. Reynolds completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden of the Lackawanna County Prison to commence deducting the full filing fee from Plaintiff's prison trust fund account.

1

Named as Defendants are Judge Edwin M. Kosik, Joseph O'Brien, Esq., and Phillip Gelso, Esq.  The present action is one in a series of civil rights complaints filed by Plaintiff challenging the legality of his ongoing federal criminal prosecution in this district before the Honorable Edwin M. Kosik .  See United States v. Reynolds, Case No. 3:05-CR-493.  It is noted that the aforementioned companion civil rights cases initiated by Reynolds have all been dismissed as frivolous.

The complaint initially maintains that Judge Kosik, who is presiding over Reynolds' criminal case, violated Plaintiff's due process rights by denying him release on bail, not scheduling a trial, allowing this matter to proceed to trial despite knowing that his indictment by a federal grand jury was obtained through the use of perjured statements.[2]   See Record document no. 1, ¶ IV (1).

Attorney Gelso, whose is described as being Plaintiff's prior criminal defense counsel, allegedly knew of his client's innocence and "did nothing." Id. at (3).  Attorney O'Brien, who is presently Plaintiff's court appointed standby criminal defense counsel, "knows of perjury" and "does nothing." Id. at (2).  As relief, Plaintiff seeks compensation and injunctive relief, including the issuance of a writ of mandamus in his federal criminal prosecution.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file

---

2.  Jury selection and trial in his criminal case are presently scheduled for March, 2007.

civil actions in federal court and wish to proceed in forma pauperis. § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[3] The Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S.

---

3.  Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

475 (1975). Reynolds indicates that he is being subjected to an unconstitutional federal prosecution. Thus, he is attacking the legality of both his ongoing pre-trial detention and pending criminal prosecution. As previously noted by this Court in Plaintiff's companion cases, the United States Supreme Court in Edwards v. Balisok, 520 U.S. 641, 646 (1997), concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Pursuant to Preiser and Edwards, Reynolds' demands for injunctive relief, especially his request for the issuance of a writ mandamus, are not properly raised in a civil rights complaint.

       The Plaintiff also seeks punitive and compensatory damages. However, as previously stated by this Court, judges are absolutely immune from suit for damages for conduct performed in the course of their official duties. Stump v. Sparkman, 435 U.S. 349, 359 (1978); Oatess v. Sobolevitch, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power). Accordingly, since the claims against Judge Kosik are based on actions taken by that Defendant in the exercise of his official duties, i.e., determinations made during the Plaintiff's ongoing criminal prosecution, he is entitled to absolute immunity from monetary damages.

       With respect to the claims that Defendants Gelso and O'Brien provided ineffective assistance of counsel, public defenders and court appointed counsel do not act under color of law for purposes of federal civil rights litigation when performing a traditional lawyer's functions to a defendant in a criminal proceeding. Polk County v.

4

Dodson, 454 U.S. 312, 318 n. 7 (1981); Black v. Bayer, 672 F.2d 309, 320 (3d Cir.), cert. denied, 459 U.S. 916 (1982).  Rankine v. Server, 2001 WL 322517 (E.D. Pa. Feb. 13, 2001)(defense counsel does act under color of state law); Figueroa v. Clark, 1992 WL 122872 (E.D. Pa. June 1, 1992)(a court appointed attorney represents only his client and not the state).

The allegations against Attorneys Gelso and O'Brien are entirely premised on actions taken during the course of the Plaintiff's criminal defense.  Thus, under the standards announced in Polk and Black, those Defendants were not acting under color of law and are not properly named Defendants.

Finally, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 486-87.  Thus, Reynolds' requests for damages are premature because he cannot maintain a cause of action for unlawful imprisonment until the basis for his ongoing imprisonment is rendered invalid.

**<u>Conclusion</u>**

Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. <u>Wilson</u>, 878 F.2d at 774. An appropriate Order will enter.

                    <u>  s/ James F. McClure, Jr.  </u>
                    JAMES F. McCLURE, JR.
                    United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS, :
:
    Plaintiff :
:
    v. : CIVIL NO. 4:CV-07-83
:
EDWIN M. KOSIK, JUDGE, :
ET AL., : (Judge McClure)
:
    Defendants :

## **ORDER**

January 31, 2007

In accordance with the accompanying memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The Plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

2. The Clerk of Court is directed to close the case.[4]

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

                      s/ James F. McClure, Jr.
                      JAMES F. McCLURE, JR.
                      United States District Judge

---

[4]. The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order issued in this case is binding on the Warden of the Lackawanna County Prison, as well as the Superintendent of any correctional facility to which Plaintiff is transferred.